IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon Miles Lancaster, #7376763, ) | C/A No. 7:16-3940-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| Tony Woodward, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Shannon Miles Lancaster ("Plaintiff"), proceeding pro se, brings this civil action alleging a constitutional violation. Plaintiff is detained in the Spartanburg County Detention Center, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges he is detained in the Spartanburg County Detention Center, and several state drug charges are pending against him. [Doc. 1.] The following specific facts are alleged. On May 12, 2016, Defendant Tony Woodward ("Woodward"), an officer with the Spartanburg County Sheriff's Office, stopped a vehicle where Plaintiff was a passenger in Spartanburg, South Carolina. [*Id.*] During the traffic stop, Woodward searched the owner of the vehicle and placed him into detention. [*Id.*] Plaintiff exited the vehicle, and Woodward checked his identification, searched him for weapons, and placed him into investigative detention. [*Id.*] Woodward found drugs in the vehicle, and he only charged Plaintiff with the drugs but they did not belong to Plaintiff. [*Id.*] When Woodward checked for warrants against Plaintiff, there were none. [*Id.*] Woodward questioned Plaintiff about the drugs without giving Miranda warnings, and he illegally arrested Plaintiff when Plaintiff

had denied knowledge of the drugs. [*Id.*] Woodward did not charge the driver of vehicle with same criminal charge. [*Id.*]

Plaintiff alleges that based on these actions Woodward committed perjury and committed an illegal search and seizure. [*Id.*] Plaintiff requests that the three pending drug charges be dismissed by the state, and he requests damages. [*Id.*] Further, Plaintiff asks to have his state jury trial on these charges delayed until this federal Court makes a ruling on this case. [*Id.*]

On or about January 25, 2017, Plaintiff filed a motion "for fast and speedy trial, and to halt the state prosecution charges until the District Court makes their ruling in this case." [Doc. 8.] Plaintiff alleges that he has been detained since May 12, 2016, and his Fourth Amendment rights were violated; he was illegally arrested and there was an illegal search and seizure. [*Id.*] He does not want the state to have a chance for a wrongful conviction when his constitutional rights were violated. [*Id.*]

This Court takes judicial notice from the Spartanburg County on-line court records that Plaintiff was arrested on May 13, 2016, for trafficking in meth or cocaine base, possession of narcotic, and possession of other controlled substance.  *See* Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex. sccourts.org/Spartanburg/PublicIndex/PISearch.aspx (enter Plaintiff's name, and 2016A4210201688, 2016A4210201689, 2016A4210201690) (last visited Jan. 31, 2017); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice

is in noticing the content of court records.'"). And, in each of those pending criminal cases, the state records indicate that Plaintiff was indicted on September 30, 2016. *Id.*

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district

court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

To the extent Plaintiff brings a claim based on the Fourth Amendment alleging false arrest, he fails to state a claim on which relief may be granted. The constitutional right to be free from unreasonable searches and seizures is well settled. *Merchant v. Bauer*, 677 F.3d 656, 662 (4th Cir. 2012). Nevertheless, because Plaintiff was indicted on the three state drug charges about which he complains in this case, his allegation of false arrest fails.

A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (an indictment, fair upon its face, returned by a properly constituted grand jury conclusively determines the existence of probable cause); *cf. Swick v. Wilde*, 529 F. App'x 353 (4th Cir. 2013) (explaining about the effect of deliberately supplying misleading information that influenced a decision); *see also Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (§1983 claims of false arrest and malicious prosecution were precluded because of indictment). Therefore, Plaintiff fails to allege a plausible claim for false arrest, and this action should be dismissed.

Moreover, this case is subject to the *Younger* abstention doctrine. From a review of the Complaint and the motion to halt state prosecution, the crux of the matter is that Plaintiff seeks a ruling by this federal Court on the Fourth Amendment issues in his state court case and seeks to halt the state prosecution until this Court rules. Plaintiff does not want the state court to wrongfully convict him based on a wrongful application of the Fourth Amendment. Thus, Plaintiff invites this Court to interfere with the state court criminal proceedings. However, because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering.

In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no

adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Plaintiff is involved in ongoing state criminal proceedings. The second criterion has been addressed by the Supreme Court: "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This Court finds that Plaintiff should be able to raise his federal constitutional rights in the state proceedings. Therefore, to the extent Plaintiff seeks to enjoin the pending state criminal proceedings against him, this Court should abstain from hearing this action.

Additionally, with respect to Plaintiff's pending motion "for fast and speedy trial, and to halt the state prosecution charges until the District Court makes their ruling in this case,"

[doc. 8], it is recommended that the motion should be terminated as moot when this action is summarily dismissed.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). And, Plaintiff's pending motion should be terminated as moot. **Plaintiff's attention is directed to the important notice on the next page.**

January 31, 2017  
Greenville, South Carolina

S/Jacquelyn D. Austin  
United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).