IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Shannon Miles Lancaster, | ) |
| | ) C/A No. 7:16-3940-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Tony Woodward, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Shannon Miles Lancaster ("Lancaster"), an inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. On January 31, 2017, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that this action be dismissed without prejudice and without issuance of process. (ECF No. 12). Lancaster timely filed objections. (ECF No. 14). Lancaster also filed a motion for a speedy trial and to halt the prosecution of his state charges. (ECF No. 8).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Briefly, Lancaster alleges Defendant Tony Woodward, an officer with the Spartanburg County Sheriff's Office, committed perjury on May 12, 2016, by charging him with several drug charges after finding drugs in a car where Lancaster was a passenger. (Compl. at 3-5). He is seeking the dismissal of his pending charges, a delay in the prosecution of the state charges, and punitive damages. (Compl. at 6).

In her Report, the magistrate judge recommends that the court dismiss this action without prejudice and without issuance and service of process for several reasons. First, as to the false arrest claim, the magistrate judge concludes that Lancaster fails to state a false arrest claim because a grand jury indicted Lancaster. (Report at 4-5). Further, the magistrate concludes that the complaint is barred by *Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances), because Lancaster can raise his claims in state court. (Report at 5-6). Finally, the magistrate judge recommends that Lancaster's pending motion for a speedy trial and to halt the state prosecution be terminated as moot. (Report at 6-7).

In his objections, Lancaster contends that the grand jury should not have indicted him because he was merely a passenger in the car and he did not own the car. (Objections at 1). He states that he did not have any drugs or weapons on him. *Id*. He further alleges the Officer Woodward did not have a search warrant and he never gave his consent to the search. *Id.* Lancaster merely restates his allegations and does not address the recommendations in the Report.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Plaintiff Lancaster's objections are without merit and adopts the Report (ECF No. 12), and this action is **DISMISSED** without prejudice and without

2

service of process.  Further, Plaintiff's pending motion (ECF No. 8) is terminated as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

February 23, 2017
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3